IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL S. GALINDRO
LAURA GALINDRO,

    Plaintiffs,
v.                                                                                                CV 20-0505 JCH/JHR

DIGEN RECOVERY SYSTEMS, LLC, and
GENE ALLEN,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Defendant Gene Allen's *Motion Requesting Clerk to Reconsider Default Judgment* [Doc. 13], filed July 9, 2020. On July 14, 2020, United States District Judge Judith C. Herrera referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. [Doc. 15]. Because Allen lacks standing to move to reconsider an entry of default against DiGen Recovery System, LLC ("DiGen"), I recommend that his Motion be DENIED.

**I.     BACKGROUND**

Plaintiff Paul Galindro and Laura Galindro sued DiGen and Allen for violations of the federal Fair Debt Collection Practices Act, the New Mexico Unfair Practice Act, common law abuse of process and tortious debt collection on May 25, 2020. [Doc. 1, p. 1]. Both Defendants were served on June 3, 2020, giving them a deadline to answer of June 24, 2020. [Docs, 4, 5]. Allen filed an answer for himself before the deadline. [Doc. 6]. Plaintiffs then filed their Praecipe Requesting Clerk to Enter Default against DiGen on July 7, 2020, and the Clerk of the Court entered default as to DiGen on July 8, 2020. [Docs. 7, 12].

Allen filed the current Motion Requesting Clerk to Reconsider Default Judgment against DiGen on July 9, 2020. [Doc. 13]. Plaintiffs responded on July 27, 2020. [Doc. 18]. Under Local Rule 7.4(a), a reply must be served and filed within 14 calendar days after service of the response, and, under Local Rule 7.1(b), the failure to file and serve a reply within the time prescribed constitutes consent that briefing on the motion is complete. D.N.M.LR-Civ 7.1(b), 7.4(a). To date, Allen has not filed a reply to the motion. Furthermore, to date, DiGen has not appeared before the Court through licensed counsel.

## II.   DISCUSSION

Before considering the merits of Allen's Motion, the Court must address standing.

I conclude that Allen cannot appear on behalf of DiGen. As Plaintiffs pointed out, Local Rule 83.7 states: "[a] corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." D.N.M.LR-Civ 83.7. Here, Plaintiffs alleged that DiGen is a domestic limited liability company, and Allen has not appeared before the Court as an attorney. [*See* Doc. 1, p. 2; *see generally* Docs. 6, 13]. Plaintiffs raised Allen's lack of standing to represent DiGen in their response and Allen never replied. [*See* Doc. 18, p. 1]. Therefore, I conclude that Allen cannot represent the interests of DiGen, and Allen's motion cannot be construed as filed on behalf of DiGen.

Nor can Allen as a party move to reconsider an entry of default against DiGen, a separate party. In the ordinary case, a party is denied standing to assert the right of third persons. *Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 263 (1977). More particularly, a party does not have standing to move to vacate an entry of default against another party. *See e.g. Two Moms and a Toy, L.L.C. v. International Playthings, L.L.C.*, 2012 WL 4795680, at *1 (D. Colo. Oct. 9, 2012) (Defendant IPT does not have standing to move to vacate entry of default against Yookidoo.);

*Colony Ins. Co. v. Troensa Constr., Inc.*, 2018 WL 4676038, at *13 (D.N.J. Sept. 28, 2018) (The Association does not have standing to motion the court to vacate the entry of default against Troensa.).

Allen offered no arguments supporting an exception to the general rule. Therefore, I conclude that Allen lacks standing to move to reconsider an entry of default against DiGen.

### III.     RECOMMENDATION

Because Allen cannot appear on behalf of DiGen, and Allen himself lacks standing to move to vacate an entry of default against DiGen, I recommend that the Court **DENY** Gene Allen's Motion Requesting Clerk to Reconsider Default Judgment.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**